# IN THE UNITED STATES DISTRICT COURT
# FOR THE STATE OF NEW MEXICO

GREGORIO E. ANDAZOLA,

       Plaintiff,

vs.                                                                                   No. 2:19-cv-01157 RB/KK

FREEPORT-McMORAN, INC.,
FREEPORT-McMORAN TYRONE
MINING LLC and FREEPORT-McMORAN
CHINO MINES COMPANY,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE THEIR MOTION FOR SUMMARY JUDGMENT UNDER SEAL

THIS MATTER is before the Court on the Defendants' Unopposed Motion for Leave to File their Motion for Summary Judgment Under Seal, filed December 28, 2020. (Doc. 29.) The Court, having reviewed the motion and noting that it is unopposed, finds that the motion is well taken in part and will be granted in part as follows.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). "Although this right is not absolute, there is a strong presumption in favor of public access, . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quotation marks and citations omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citations and quotation marks omitted).

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302. "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009). The district court must also "consider whether selectively redacting just the . . . sensitive . . . information from the sealed . . . documents and then unsealing the rest" would adequately protect the privacy interests of the party seeking to seal court documents. *Pickard*, 733 F.3d at 1304 (citations omitted). "The fact that . . . information has already been made public" will undermine a party's privacy concerns. *Id.* at 1305 (citing *Mann*, 477 F.3d at 1149) (subsequent citation omitted).

Here, Defendants seek to file the entire Motion for Summary Judgment and all exhibits thereto under seal. (Doc. 29.) A Stipulated Protective Order filed previously in this lawsuit "recognizes that the claims in this matter involve 'personal and employment information of Defendants' current or former employees who are not parties to this litigation.'" (Doc. 29 at 1 (quoting Doc. 25 at 1).) Defendants assert that their motion "includes as exhibits disciplinary and investigation documentation regarding non-parties, and . . . discusses the discipline and investigation of non-parties throughout the body of the brief." (*Id.*) This contention fails to satisfy Defendants' burden to show a significant interest that heavily outweighs the public's strong, presumptive right of access to the Motion for Summary Judgment and exhibits, which the Court will consider in adjudicating the parties' substantive legal rights.  Further, Defendants do not appear to have considered whether redaction of any sensitive and previously undisclosed information in these documents would sufficiently protect whatever confidential information

might be contained in their motion and exhibits. The Court therefore finds that Defendants have failed to justify permanently sealing the motion and all attachments thereto.

To preserve the confidentiality of the material, the Court will allow Defendants to file the motion and its exhibits under seal, accessible to the Court and the parties. However, in addition, Defendants shall separately file a redacted version of the motion and exhibits in light of the law discussed herein. Such redactions should be no more extensive than necessary to preserve the confidentiality of the information. **If Defendants fail to file a redacted version of the motion, the Court will unseal the documents.**

**THEREFORE,**

**IT IS ORDERED** that Defendants' Unopposed Motion for Leave to File their Motion for Summary Judgment Under Seal (Doc. 29) is **GRANTED IN PART** as outlined in this order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE